21 513
65h 497

MILLER and others, commissioners of highways of the town of Walkill, *vs,* THE NEW YORK AND ERIE RAIL ROAD Co.

The usual reservation to the legislature, in an act incorporating a rail road company, of the power to alter, modify or repeal it, will not authorize the passage of an act purporting to allow the local authorities to take, in effect, a part of the road belonging to the company, and to impose a serious burthen upon the latter, without making them any compensation.

Accordingly *held* that the legislature could not, under such a reservation in a charter, pass a subsequent act, requiring the rail road company to cause a proposed new street or highway laid out by the commissioners of highways, to be taken across their track, and to cause all necessary embankments, exca-

vations and other work to be done on their road for that purpose, at their own expense.

The property of public corporations is so far private as to come within the prohibition of the constitution against taking private property for public use without just compensation.

CASE submitted for the opinion of the court, upon the following facts: The plaintiffs are commissioners of highways of the town of Walkill, Orange county. The line of rail road belonging to said defendants passes through the said town, and the commissioners have, according to the provisions of the statute in such case made and provided, laid out a public road or highway over and across the track and unimproved lands of the New York and Erie rail road, which proceedings are admitted to be regular. After the laying out of said public road or highway, the plaintiffs served a notice on the defendants, requiring them " to cause said road or highway to be taken across the said track as shall be most convenient and useful for public travel, and to cause all necessary embankments, excavations and other works, to be done on said road for that purpose within thirty days after the service" thereof. This the defendants have neglected to do. The plaintiffs insist that the defendants are bound to cause said road to be taken, at their own expense, across their lands in the manner specified, in compliance with an act of the legislature entitled an " act to regulate the construction of roads and streets across rail road tracks," passed March 29, 1853, and are liable, in case of neglect or refusal, for the penalties in said act mentioned. Whereas the defendants maintain that said act is in direct violation of sec. 6th of article 1st of the constitution of this state, which provides that no person shall be deprived of "property without due process of law, nor shall private property be taken for public use without just compensation," and is therefore void; and that they are not bound to build said road or highway according to said notice, nor are they liable to the penalties in said act prescribed for the refusal or neglect so to do. The plaintiffs rely upon § 21, *ch.* 224, *Laws of* 1832. The question was submitted to the consideration and judgment of the court, under the

provisions of the code of procedure, on its merits, without regard to mere technicalities of matter or form.

C. C. McQuoid, for the plaintiffs. I. By the act incorporating the defendants, (Laws of 1832, ch. 224, § 18,) the defendants possess the general powers and are subject to the general restrictions and liabilities prescribed by title 3, ch. 18 of part 1st, R. S., 2d ed. By section 8 of said chapter, "The charter of every corporation, that shall hereafter be granted by the legislature, shall be subject to alteration, suspension and repeal, in the discretion of the legislature." By the laws of 1832, (ch. 224, § 21,) the legislature reserves the right at any time hereafter to alter, modify, or repeal the act incorporating the defendants. The act of March 29, 1853, is general, and applies to rail roads then constructed, as well as those that may hereafter be constructed. The defendants were created by the legislature, and have no powers except those specifically granted by their charter. They have no natural rights of property, and can only acquire and hold property as pointed out and permitted by the legislature.

II. The defendants' rail road, though private property in a certain sense, is still a quasi public highway, and the running of a highway across it is not depriving the defendants of the ordinary use of their road ; nor is it such an appropriation of the defendants' road, as constitutes a taking of private property, requiring compensation within the meaning of the constitution. (7 Barb. 508. 8 id. 358.) Nor is it a taking not contemplated by and within the meaning of the original charter. (18 Barb. 233.) A charter of incorporation, like a contract between individuals, is to be construed according to its spirit and meaning, as well as its letter. (14 Barb. 560.)

III. The defendants took their charter subject to the provisions of the revised statutes above referred to, as well as to the reservation in their charter. Such reservation by the legislature was not repugnant to the grant, but was a limitation thereof. (1 Paige, 102.)

IV. The legislature having by the charter reserved the

right to alter, modify, or repeal, the subsequent exercise of such right is valid, especially where the alteration or modification does not entirely change the character and object of the grant; and having reserved the right to alter or modify in their discretion, either can as well be done subsequently, as if the condition or limitation had been inserted at the time of granting the charter: Therefore, the act requiring the defendants to construct highways across their road, is but the legitimate exercise by the legislature of a reserved power to alter or modify the defendants' charter:

*John J. Monell,* for the defendants.   I. It is admitted in this case, that the lands which the plaintiffs claim the right to take for a highway, belong to the defendants.   (1.) The defendants, by their charter, are authorised to purchase, receive and hold real estate.   (*Laws of* 1832, *ch.* 224.)   They can convey the same.   Corporations, by the common law, had unlimited powers to purchase lands.   (2 *Kent's Com.* 281, *&c.*)   (2.) The defendants took a fee simple in their lands, for the purposes of alienation, and a determinable fee for enjoyment, (2 *Kent's Com.*) and not a mere easement as in the case of turnpikes and plank roads.   (5 *Denio,* 389, 401.   3 *Hill,* 567.   2 *Kern.* 121.) They can erect buildings and sue for trespass.

II. It is admitted that the plaintiffs claim the right to take the lands and road track of the defendants, and force them to incur a heavy expense, without process of law and without compensation.   (1.) This is not an alteration of the charter consistent with the nature and objects of the grant, and with the rights of property secured by the constitution, and therefore the act of the legislature authorizing the same is void.   (18 *Wend.* 38.   4 *id.* 648.)   (2.) The case in 18 Barbour, 560, relied upon by the plaintiffs, is not in point ; as lands held by a rail road company are not dedicated to the public.   The plaintiffs here claim to take the lands of the defendants so that they cannot enjoy them; they could not sue for trespass upon them, nor use them for any purpose.   Rail road companies cannot take turnpikes without compensation.   (5 *Hill,* 175.   (3.) It is insisted, that when highways are laid out over lands of a rail road

company, they have a right to be heard as to its necessity; and that their property when taken, must be valued as in ordinary cases. (4.). The act of the legislature relied upon by the plaintiffs, gives commissioners of highways the right, if constitutional, to lay out a road through the buildings and over high banks of the defendants' road, without their being heard, and then forces them to cut down the banks, remove their buildings, build cattle guards &c., for the purpose of local convenience or private speculation. This is contrary to the provisions of the constitution for the protection of private property; and therefore the act is void, and imposes no obligation upon the defendants.

*By the Court*, S. B. STRONG, J. The plaintiffs contend that the defendants are bound to construct over and across their rail road, without compensation, a part of a highway recently laid out in the town of Walkill pursuant to the act to regulate the construction of roads and streets across rail road tracks, passed March 29, 1853. The first section authorizes the proper authorities to lay out a street or highway across the track of any rail road without compensation to the corporation *owning* said rail road. The second section requires the rail road corporation to cause the proposed new street or highway to be taken across their track, and to cause all necessary embankments, excavations and other work to be done on their road for that purpose, and (inferentially) at their own expense. And the third section imposes a penalty of $20 for the neglect or refusal to cause the work to be done within thirty days after notice, to be recovered by the officers laying out the road. The plaintiffs, after having laid out the new road, gave the notice required by the act, to the defendants, and as there has been an omission to perform the requisite work within the time limited by the act, they now seek to recover the penalty.

The act incorporating the defendants was passed on the 24th of April, 1832. That act did not impose upon the company the burthen of constructing new roads across their rail road, but it contained the usual reservation to the legislature of the power

to alter, modify or repeal it. The defendants constructed their road previous to the passage of the act of 1853, and were using it when that act was adopted. The question is whether the power reserved to the legislature authorized the passage of an act which purported to allow the local authorities to take in effect a part of the road belonging to the defendants, and to impose a serious burthen upon them, without making them any compensation ; without giving to them the remuneration which the constitution in effect provides for the owners of private property taken for public purposes.

That the rail road is the property of the defendants there can be no doubt. The act of 1853 refers to the corporations as "owning" the roads. It is not material to inquire whether their property in the land and fixtures is absolute or qualified. The constitution (art. 1, § 5) protects all private property, without any further discrimination. It has been held, and no doubt correctly, that the property of public corporations is so far private as to be entitled to the constitutional protection. By the terms of the act of 1853, the proper authorities may take a part of the property of the rail road company, for public purposes. A burthen (and it may be a very heavy one) is also thrown upon the company to make all necessary embankments, excavations and other work to facilitate the passage on the new highway across their rail road, calling of course for the expenditure of the funds of the company. Can they exact these sacrifices of the property of rail road companies without paying them any compensation ? If such arrangements were necessary for the safety of the passengers or the freight conveyed on the cars, they might doubtless be required of the companies, although not contemplated when they were organized. That would bring them within the powers reserved to the legislature, and could not violate the inhibition in the constitution. It would be taking the property of the rail road companies for purposes connected with, and for the benefit of, their own institutions. But the construction of new highways over their road is not for the benefit, but rather to the injury, of the companies. The public requiring such new roads may be benefited, and they, it would

Miller *v.* New York and Erie Rail Road Co.

seem, should bear the consequent burthen. The fact that the local communities were bound to defray the expenses of these improvements would lead to greater caution in their representatives in adopting them, and would often prevent serious imposition upon those who have no voice in the matter.

The plaintiffs contend that the reservation in the act incorporating the defendants justified this subsequent legislative assumption of their property. The legislature had probably a right to establish what characteristics they pleased in what should be created or acquired by their authority, and had the act incorporating the defendants *originally* contained a clause requiring them to construct new roads over their rail road at their own expense, they would have taken their charter with this burthen. Their property would have been subject to the qualification. But the provision was not in the original charter, nor did it at all qualify their property when it was acquired. The power reserved to the legislature to alter, modify or repeal the defendants' charter, did not purport to authorize the assumption of their property without compensation. No power to do that could have been reserved, for none such could have existed. It would be preposterous to say that the legislature has the power to make any and every requisition upon the defendants as a condition of their retaining their corporate existence. To require them, for instance, to make donations to the towns through which their rail road may pass, or to any other body politic, or to individuals.

It is not material to inquire whether the legislature has a right to repeal the defendants' charter, unless it has been forfeited by the misconduct or neglect of its managers. It has not been repealed, and until it shall be, the company is, and will be, protected by the constitution, in its rights of property.

There should be judgment for the defendants.

[DUTCHESS GENERAL TERM, April 8, 1856. *Brown, S. B. Strong* and *Rockwell,* Justices.]